UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

PAYSOURCE, INC., et al.,       :     CASE NO. 3:07CV0129
                                :
       Plaintiffs,          :     (Judge Walter H. Rice)
                                :     (Magistrate Judge Sharon L. Ovington)
v.                         :
                                :     **DEFENDANT FRANK AMODEO'S**
MIRABILIS VENTURES, INC., et al.,   :     **MOTION TO DISMISS FOR LACK**
                                :     **OF PERSONAL JURISDICTION**
       Defendants.        :     <u>**AND FAILURE TO STATE A CLAIM**</u>
                                :

_____

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), 8, and 9(b), Defendant

Frank Amodeo moves to dismiss this case for lack of personal jurisdiction and failure to state a

claim.

Plaintiffs cannot meet their burden of establishing personal jurisdiction over

Defendant Amodeo, a Florida citizen, under the Ohio long-arm statute and the Due Process

Clause of the Fourteenth Amendment to the United States Constitution.  A supporting Affidavit

of Defendant Amodeo is attached as Exhibit 1.  Plaintiffs' allegations against Amodeo

demonstrate no harm to Plaintiffs and no actionable conduct.  For the most part, they are

nonspecific, conclusory statements or unsupported name-calling (e.g., "mastermind," Compl.,

¶ 19).  Plaintiffs' Complaint also fails to allege all of the elements of their causes of action, fails

to allege claims that satisfy the plausibility analysis of <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S.

___, 127 S. Ct. 1955 (2007), and fails to allege fraud with particularity.

Accordingly, Plaintiffs' action against Defendant Amodeo should be dismissed for

lack of personal jurisdiction and failure to state a claim.

Respectfully submitted,


<u>s/ Charles J. Faruki</u>
Charles J. Faruki (0010417)
   Trial Attorney
Martin A. Foos (0065762)
Jacqueline V. Brown (0078459)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@ficlaw.com

Attorneys for Defendant
Frank Amodeo

**MEMORANDUM IN SUPPORT OF DEFENDANT FRANK AMODEO'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FAILURE TO STATE A CLAIM**

I.        INTRODUCTION AND SUMMARY OF FACTS

Frank Amodeo ("Amodeo"), a Florida resident who has never traveled to Ohio, has been named as a Defendant in this lawsuit stemming from an unsuccessful attempt to purchase Plaintiff Robert Sacco's company, Paysource, LLC. Plaintiffs' Complaint demonstrates that Plaintiffs were not damaged, and that no claims can be properly asserted against Amodeo in Ohio. Specifically, Plaintiffs' Complaint fails to:

(1)       allege specific facts to establish personal jurisdiction over Amodeo;

(2)       allege sufficient facts to state a claim against Amodeo under Fed. R. Civ. P. 8; and

(3)       allege fraud against Amodeo with particularity under Fed. R. Civ. P. 9(b).

For the reasons stated below, Amodeo requests that this Court dismiss all claims against Amodeo.

A.        Plaintiffs' Allegations Against Amodeo Are Insufficient as a Matter of Law

Plaintiffs' allegations against Amodeo are sparse, revealing large gaps and insufficiencies. The chart attached as Exhibit 2 lists all of the allegations related to Amodeo, along with a list of what is missing from the Complaint.

Even worse, the allegations in Plaintiffs' Complaint do not demonstrate any damages suffered by Plaintiffs.[1] Actually Plaintiffs received a windfall. The following chart shows all of the amounts that the Complaint alleges Plaintiffs received or lost:

| **Amounts and Companies Received by Sacco** | **Plaintiffs' Alleged Losses** |
|---|---|
| $600,000[2] | $125,000[3] |
| $400,000[4] | |
| Repossession of Paysource, Keystaff, Inc. and American Courier Express, Inc.[5] | |
| TOTAL GAINS: $1,000,000 + Paysource (and related companies) | ALLEGED TOTAL LOSSES: $125,000 |

**WINDFALL TO PLAINTIFFS: $875,000**

The Complaint alleges that Defendants should have paid Sacco in excess of $22 million, (Compl., ¶ 27), but that allegedly was payment for the acquisition of Paysource and its related companies, and for the licensing of the Paysource name. On March 5, 2007, Sacco "exercised his rights under the Security Agreement to claim all right, title and interest in Paysource." Plaintiff Sacco cannot recover both Paysource <u>and</u> the $22 million purchase price (and his claims for rescission and declaratory judgment are moot).

---

[1] Damage is a necessary element of all of Plaintiffs' claims. If any necessary element is not alleged, the Complaint should be dismissed. <u>Rippy v. Hattaway</u>, 270 F.3d 416, 419 (6th Cir. 2001), <u>cert</u>. <u>denied</u>, 537 U.S. 812, 123 S. Ct. 72 (2002).

[2] Compl., ¶ 39 (stating "On January 9, 2007, one wire transfer payment was made to Sacco of $600,000").

[3] Compl., ¶ 43 (stating "Sacco was able to return $100,000 to Paysource, but was not able to return $125,000").

[4] Compl., ¶ 39 (stating "The next day, a second wire transfer from Defendants to Plaintiff Sacco was made of $400,000").

[5] Compl., ¶ 49 (stating "Sacco exercised his rights under the Security Agreement to claim all right, title and interest in Paysource").

B.     Plaintiffs' Causes of Action Fail to Allege the Elements of Their Claims

In their first two causes of actions, Plaintiffs seek recovery for breach of contract and rescission[6] respectively.  Plaintiffs allege generally that all of the Defendants have breached all of their agreements with Sacco.  Compl., ¶¶ 58-59.  However, Plaintiffs' Complaint does not allege that Amodeo was party or even a signatory to any of the agreements.  The Complaint also fails to allege that Amodeo had the authority to enter a contract on behalf of a Corporate Defendant due to being an officer, employee, director, or shareholder of that corporation.[7]  Put differently, Plaintiffs allege that Amodeo breached contracts to which he was not a party.

In their third cause of action, Plaintiffs seek a judgment declaring that Sacco is the "rightful owner of the common stock of Paysource."  Comp., ¶ 66.  However, the Complaint fails to allege that Paysource stock was ever transferred to Amodeo, who was not a party to any of the purchase contracts alleged in the Complaint.

In their fifth cause of action, Plaintiffs seek damages for conversion of certain funds from Paysource.  In this cause of action, Plaintiffs allege generally that all defendants have "converted Paysource property by transferring money away from Paysource."  Compl., ¶ 70.  Yet, elsewhere in Plaintiffs' Complaint, Plaintiffs specifically allege that Defendants SPH and Sadrianna transferred the funds.  Id. ¶ 43.  Nowhere else in Plaintiffs' Complaint does it allege a transfer of funds out of Paysource, much less any involvement by Amodeo.

---

[6] Although Plaintiffs allege "Rescission" as a separate claim, the second cause of action is more properly characterized as a type of relief in a breach of contract action.

[7] In fact, Amodeo held none of these positions with any of the Corporate Defendants.  Affidavit of Frank Amodeo ("Amodeo Aff.") (attached as Exhibit 1), ¶ 3.  Amodeo was serving as a business consultant to Mirabilis Ventures, Inc.  Id. ¶ 4.

In their fourth, sixth, and seventh causes of action, Plaintiffs seek recovery for fraud, civil conspiracy, and negligent misrepresentation, respectively.  However, they do not allege the contents of any statements made by Amodeo.  Moreover, the allegations in the Complaint demonstrate that Plaintiffs were not damaged by Amodeo's conduct.  Plaintiffs also fail to allege any of these causes of action with particularity.

II.      PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THEY HAVE FAILED TO SHOW THAT THIS COURT HAS PERSONAL JURISDICTION OVER AMODEO

Plaintiffs have failed to show that this Court has personal jurisdiction over Amodeo based on the Ohio long-arm statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Pursuant to Fed. R. Civ. P. 12(b)(2), this Court should dismiss the case against Amodeo.

Plaintiffs' Complaint alleges only a few jurisdictional facts.  Plaintiffs admit that Amodeo is a Florida citizen.  Compl., ¶ 6.  They allege that Amodeo was one among many who participated in a series of "meetings and conversations" with the Plaintiffs about a letter of intent, but do not state when, how many, who participated in them, or where the meetings and conversations took place.  Id. ¶ 24.  Plaintiffs do not state whether the meetings and conversations took place in person, or whether some of them occurred over the telephone.  Id. The Complaint alleges that Defendant Stanley, not Amodeo, first contacted Sacco on behalf of Defendant Mirabilis HR.  Id. ¶ 22.  The Complaint does not allege that Amodeo initiated any of the other communications.  The facts are to the contrary.[8]

---

[8] With respect to those communications, Amodeo's Affidavit states as follows:

(footnote cont'd…)

4

Plaintiffs do not allege that any of their contracts were with Amodeo, or that Amodeo was the person who signed the contracts on behalf of the Corporate Defendants. Finally, the Complaint asserts that other Defendants said that Amodeo had made certain statements and would make payments. Compl., ¶¶ 32, 38, 41-42. However, the Complaint does not state that Plaintiffs spoke to Amodeo directly about the payments or that Amodeo initiated any of those communications.

A.   Plaintiffs Must Satisfy Ohio's Long-Arm Statute and the Due Process Requirements

A federal court, sitting in diversity applies the law of the forum state to determine whether personal jurisdiction exists over a defendant.[9] The court may only exercise personal jurisdiction if both the long-arm statute and constitutional due process requirements are met,[10] because the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause.[11] "Accordingly, when Ohio's long-arm statute is the basis for personal jurisdiction, the

---

(…cont'd)

> "5. I sent no correspondence or email messages to Plaintiff Robert Sacco. My only communications with Mr. Sacco were on occasions when he called me; those calls were by telephone from Orlando, Florida, and in person in Orlando. My communications via telephone occurred fewer than ten different occasions, and all of those telephone calls (with the exception of perhaps one) were initiated by Mr. Sacco, or were made after Mr. Sacco called and left me a message requesting that I call him back.
> 6. My only face-to-face meetings with Mr. Sacco were in Florida; none were in Ohio."

Affidavit of Frank Amodeo ("Amodeo Aff.") (attached as Exhibit 1), ¶¶ 5-6.

[9] SRECO-Flexible, Inc. v. Fernandez, No. 3:03CV7263, 2003 U.S. Dist. LEXIS 16592, at *4 (N.D. Ohio Sept. 23, 2003) (citing CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996)) (attached as Exhibit 3).

[10] Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000) (citing Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir. 1996)).

[11] Joffee v. Cable Tech, Inc., 163 Ohio App. 3d 479, 487, 839 N.E.2d 67, 72 (Franklin Cty. 2005) (citing Goldstein v. Christiansen, 70 Ohio St. 3d 232, 238 n.1, 638 N.E.2d 541, 545 n.1 (1994)). As just one example, Ohio's long-arm statute precludes general personal jurisdiction in this forum even though the Due Process Clause would allow for it. MacDonald v. Navistar Int'l Transp. Corp., 143 F. Supp. 2d 918, 923 (S.D. Ohio 2001) (Rice, J.) ; Smith v.
(footnote cont'd…)

personal jurisdiction analysis requires separate discussions of whether the defendant is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met."[12]

Plaintiffs have the burden of demonstrating personal jurisdiction. <u>Calphalon Corp. v. Rowlette</u>, 228 F.3d at 718, 721 (6th Cir. 2000). They must "'set forth specific facts showing that the court has jurisdiction.'"[13] Here, Plaintiffs have failed to show that the Ohio long-arm statute is met, or that due process requirements have been satisfied.

> B.    Amodeo's Acts Do Not Fit Within Any of the Subsections of the Ohio Long-Arm Statute

Plaintiffs do not state which provision of the Ohio long-arm statute they intend to rely on to establish personal jurisdiction. However, in their previously-filed Opposition to Defendants' Motion to Dismiss [Doc. No. 34],[14] Plaintiffs asserted two bases for applying the long-arm statute: (1) transacting business in Ohio (Ohio Rev. Code § 2307.382(A)(1), and (2) causing tortious injury in Ohio (§ 2307.382(A)(6)).

_____

(…cont'd)

<u>Turfway Park</u>, No. C-3-97-145, 1999 U.S. Dist. LEXIS 21692, at *7-8 (S.D. Ohio Mar. 22, 1999) (Rice J.) (attached as Exhibit 4). <u>Accord</u>: <u>Signom v. Schenck Fuels, Inc.</u>, No. C-3-07-037, 2007 U.S. Dist. LEXIS 42941, at *9 (S.D. Ohio June 13, 2007) (Rose, J.) (attached as Exhibit 5). Consequently, this Memorandum need not address general personal jurisdiction since none can exist here.

[12] <u>Microsys Computing v. Dynamic Data Sys.</u>, No. 4:05-CV-2205, 2006 U.S. Dist. LEXIS 53397, at *9 (N.D. Ohio Aug. 2, 2006) (citing <u>Brunner v. Hampson</u>, 441 F.3d 457, 463-65 (6th Cir. 2006) and other authorities) (attached as Exhibit 6).

[13] <u>SRECO-Flexible</u>, 2003 U.S. Dist. LEXIS 16592, at *4 (quoting <u>Theunissen v. Matthews</u>, 935 F.2d 1454, 1458 (6th Cir. 1991)).

[14] Opposition to Defendants Mirabilis Ventures, Inc., Mirabilis HR, SPH, Inc., Common Pay Masters Corp., AEM, Inc., Aaron Bates, Yaniv Amar, Marty Flynn, James Sadrianna and Jay Stollenwerk's Motion to Dismiss or, in the Alternative, to Transfer Venue [Doc. No. 34], at 6-14.

1.     Amodeo did not transact business in Ohio.

As used in the long-arm statute, Ohio Rev. Code § 2307.382(A)(1), "transacting business" means "'to carry on business' and 'to have dealings'" in the State of Ohio.  SRECO-Flexible, 2003 U.S. Dist. LEXIS 16592, at *6 (citing Goldstein v. Christiansen, 70 Ohio St. 3d 232, 236, 638 N.E.2d 541, 544 (1994)).

In a contractual dispute where personal jurisdiction is sought based on the "transacted business" subsection of the long-arm statute, the court will examine:  (1) "whether the out-of-state defendant initiated the business dealings"; (2) "whether the parties conducted their negotiations or discussions in the forum state or with terms affecting the forum state"; and (3) whether "there is a substantial connection between the defendant and the forum state."[15]

The factors outlined in Paglioni do not point to Ohio jurisdiction.  First, Amodeo did not initiate the contact with Plaintiffs.  According to Plaintiffs' allegations, Michael Stanley contacted Plaintiffs on behalf of Mirabilis HR; no mention is made of Amodeo regarding this initial contact.  Compl., ¶ 22.  Paglioni & Assocs. v. WinnerComm, Inc., No. 2:06-CV-00276, 2007 U.S. Dist. LEXIS 18612, at *26 (S.D. Ohio Mar. 16, 2007) (Graham, J.) ("Without an affirmative statement of who began the dealings, this Court cannot presume that [defendant] initiated the transaction.") (attached as Exhibit 7).  Accord:  SRECO-Flexible, 2003 U.S. Dist. LEXIS 16592, at *7 ("[S]peculation does not provide a basis for personal jurisdiction.").  Amodeo's Affidavit specifically denies initiating contact with Plaintiffs (Amodeo Aff., ¶ 4) and

---

[15] Paglioni & Assocs. v. WinnerComm, Inc., No. 2:06-CV-00276, 2007 U.S. Dist. LEXIS 18612, at *25 (S.D. Ohio Mar. 16, 2007) (Graham, J.) (applying Ohio law and granting motion to dismiss for lack of personal jurisdiction) (citations omitted) (attached as Exhibit 7).

7

all of his telephone calls with Sacco, with the exception of perhaps one, were initiated by Sacco (Amodeo Aff., ¶ 5).

Second, the one meeting location that Plaintiffs identified in the Complaint was in Florida and not Ohio. Compl., ¶ 36. Plaintiffs do not even allege that Amodeo was present at the meeting. Amodeo's Affidavit, ¶ 6, confirms that all meetings he attended were in Florida.

Third, Amodeo only made telephone calls to Ohio and never physically traveled to Ohio (except perhaps one time on his way to Michigan). Amodeo Aff., ¶¶ 2, 5. Such a limited contact with Ohio does not constitute transacting business in Ohio.[16]

Fourth, Amodeo was not the party that would ultimately enter the contract with Plaintiffs. He was not an owner, shareholder, officer, director, or employee of any of the Corporate Defendants that were parties to the contracts. Amodeo Aff., ¶ 3. Rather, he acted as a consultant for Mirabilis Ventures. Id. ¶ 4. Consequently, Amodeo was "one step removed from the bargaining process" and not transacting business in Ohio. Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 512 (6th Cir. 2006). The fact that Amodeo's corporate clients chose to purchase an Ohio corporation and asked Amodeo to assist with a few of the communications on their behalf does not mean that Amodeo was transacting business in Ohio. Amodeo did not "reach out" to the Plaintiffs in Ohio; rather, the Complaint alleges that Amodeo's clients used Defendant Stanley to reach out to the Plaintiffs. Compl., ¶ 22. That he placed a few telephone

---

[16] Paglioni, 2007 U.S. Dist. LEXIS 18612, at *26-27 (alleged telephone calls and emails); Joffee, 163 Ohio App. 3d at 485-86, 839 N.E.2d at 71, 74 (email messages); Benjamin v. KPMG Barbados, No. 03AP-1276, 2005 Ohio App. LEXIS 1860, at *30 (Franklin Cty. Apr. 28, 2005) ("As a general rule, the use of interstate lines of communication such as mail, facsimiles and telephones, does not automatically subject a defendant to the jurisdiction of the courts in the forum state." (citation omitted)) (attached as Exhibit 8); SRECO-Flexible, 2003 U.S. Dist. LEXIS 16592, at *8 (holding that a few telephone calls to Ohio are insufficient to qualify as transacting business).

calls to Ohio was fortuitous. <u>Benjamin v. KPMG Barbados</u>, No. 03AP-1276, 2005 Ohio App.
LEXIS 1860, at *31-32 (Franklin Cty. Apr. 28, 2005) (finding no personal jurisdiction when
there were only a "handful" of contacts with Ohio in connection with the performance of services
for a non-Ohio client, simply because the client may do business in Ohio) (attached as Exhibit 8).

Fifth, disregarding that the contractual obligations to make payments was not
Amodeo's obligation, but rather those of the contracting parties, Plaintiffs assert that Amodeo
failed to make payment to Plaintiffs. Compl., ¶¶ 32, 38, 41-42. Even if Amodeo were
responsible for payments, the failure to make payment would not be sufficient to confer
jurisdiction. <u>Paglioni</u>, 2007 U.S. Dist. LEXIS 18612, at *27.[17]

2. <u>Defendant Amodeo did not cause any tortious injuries in Ohio.</u>

Amodeo did not cause any tortious injuries in Ohio. Under the Ohio long-arm
statute, a court sitting in Ohio can exercise personal jurisdiction over an out-of-state defendant if
the defendant "caus[ed] tortious injury in this state to any person by an act outside this state
committed with the purpose of injuring persons, when he might reasonably have expected that
some person would be injured thereby in this state." Ohio Rev. Code § 2307.382(A)(6).

As demonstrated in Section II.B.1. above, Plaintiffs fail to allege any injury, much
less a tortious injury that occurred in Ohio. <u>Signom v. Schenck Fuels, Inc.</u>, No. C-3-07-037,
2007 U.S. Dist. LEXIS 42941, at *23 (S.D. Ohio June 13, 2007) (Rose, J.) (holding that Ohio

---

[17] <u>Accord</u>: <u>Communication Exhibits v. Windstone Med. Packaging</u>, No. 2006CA00038, 2006 Ohio App. LEXIS 4942, at *5 (Stark Cty. Sept. 26, 2006) (holding that the mailing of five checks to Ohio was insufficient to constitute transacting business in Ohio) (attached as Exhibit 9).

Rev. Code § 2307.382(A)(6) was not satisfied when Plaintiffs did not suffer tortious injury in

Ohio) (attached as Exhibit 5).[18]

      C.    Exercise of Jurisdiction Over Amodeo Does Not Comport With
             Due Process

      In the due process analysis, the Sixth Circuit uses a three-part test to determine

whether a district court has specific personal jurisdiction:

> "First, the defendant must purposefully avail himself of the privilege of acting in
> the forum state or causing a consequence in the forum state.  Second, the cause of
> action must arise from the defendant's activities there.  Finally, the acts of the
> defendant or consequences caused by the defendant must have a substantial
> enough connection with the forum state to make the exercise of jurisdiction over
> the defendant reasonable."

Calphalon, 228 F.3d at 721 (citing Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374,

381 (6th Cir. 1968)).

      1.    Plaintiffs have failed to prove purposeful availment.

      "Purposeful availment is defined as having substantial connection to the forum

state such that the defendant can reasonably anticipate being haled into court there."[19]  The

---

[18] Plaintiffs allege tort claims for fraud, conversion, civil conspiracy, and negligent misrepresentation.  Compl.,
¶¶ 67-78.  Plaintiffs provide no information regarding what Amodeo said to Plaintiffs, what was the
misrepresentation, or which facts Amodeo allegedly falsely stated.  Compl., ¶ 20.  Neither the Court nor the parties
have enough information about whether a fraud was committed or furthered in the telephone calls Amodeo made to
Plaintiffs in Ohio because the contents of those conversations are not alleged.  Furthermore, Plaintiffs fail to allege
that any of the allegedly converted money was taken by or received by Amodeo.  Compl., ¶ 22.  With no plausible
allegations, other than conclusory assertions, that a tort was committed by Amodeo, it is impossible to find personal
jurisdiction on the basis of causing tortious injury in Ohio.  Coleman v. Parra, 163 F. Supp. 2d 876, 889 (S.D. Ohio
2000) (Rice, J.) (denying plaintiffs' motion for reconsideration of dismissal of out-of-state defendants based on lack
of personal jurisdiction because plaintiffs failed to show defendants' action, inaction, or statements caused a tortious
injury in Ohio) (citing Clark v. Connor, 82 Ohio St. 3d 309, 695 N.E.2d 751 (1998)).

[19] Paglioni, 2007 U.S. Dist. LEXIS 18612, at *16 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75,
105 S. Ct. 2174, 2182-184 (1985)).

purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."[20]

Here, Amodeo is a Florida citizen who did not initiate negotiations for the purchase of Paysource.  Compl., ¶ 22; Amodeo Aff., ¶ 4.  Rather, Amodeo was a consultant for Mirabilis Ventures (Amodeo Aff., ¶ 4) whose only contact with Ohio was fewer than ten telephone calls, all, but possibly one, initiated by Plaintiffs.  Amodeo Aff., ¶ 5.  "[T]he use of interstate facilities such as the telephone and mail is a 'secondary or ancillary' factor and 'cannot alone provide the minimum contacts required by due process.'"  Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1119 (6th Cir. 1994) (citing cases).

Furthermore, Amodeo's contact with Ohio on behalf of his client who happened to be negotiating with an Ohio company was random, fortuitous, and attenuated.  Amodeo did not initiate the negotiations with Plaintiffs (Amodeo Aff., ¶ 4) and he did not initiate the telephone calls with Sacco, with perhaps one exception.  Amodeo Aff., ¶ 5.  Amodeo did not target Ohio. He served as a consultant to Mirabilis (Amodeo Aff., ¶ 4), and would have had the random and fortuitous contacts with any party to a transaction on which his client consulted with him. Calphalon, 228 F.3d at 723 (holding that due process was not satisfied, in part, because the only connection with the forum state was because plaintiff chose to be located there).

> 2.    The Plaintiffs have failed to show that their causes of action
>        arose from Amodeo's activities in Ohio.

The second prong of the Sixth Circuit test outlined in Southern Machine determines whether the cause of action arises from the out-of-state defendant's activities in the

---

[20] Calphalon, 228 F.3d at 721-22 (citing LAK, Inc. v. Deer Creek Enters., 885 F.2d 1293, 1298 (6th Cir. 1989), cert. denied, 494 U.S. 1056, 110 S. Ct. 1525 (1990)).

forum state. Paglioni, 2007 U.S. Dist. LEXIS 18612, at *21 (citing Southern Machine, 401 F.2d at 381). "A cause of action arises from a defendant's activities in the forum state if a defendant's contacts with the forum state are related to the operative facts of the controversy." Id. (citing CompuServe, 89 F.3d at 1267).

Plaintiffs allege that Defendants (including Amodeo?) failed to make payment to Plaintiffs. Compl., ¶¶ 32, 38, 41-42.[21] If true, the cause of action would arise in Florida.[22]

As for the tort claims (Claims 4-7), Plaintiffs have not alleged sufficient facts to know whether this prong is satisfied or not. The conversion claim does not allege that Amodeo took the money or received it. Compl., ¶ 43. The Complaint does not state what Amodeo said, when, to whom, or where so that it is impossible to know whether or not the fraud, conspiracy, and negligent misrepresentation claims arose out of Amodeo's few telephone calls with Sacco.

3.  Plaintiffs have failed to show that Amodeo's acts or the consequences of his acts have a substantial enough connection with Ohio to make Ohio's exercise of jurisdiction over him reasonable.

"The third prong of the Sixth Circuit test outlined in Southern Machine examines whether a substantial enough connection exists between the defendant and the forum state to make the exercise of jurisdiction over the defendant reasonable." Paglioni, 2007 U.S. Dist. LEXIS 18612, at *26 (citing Southern Machine, 401 F.2d at 381). The question is whether jurisdiction "comports with 'traditional notions of fair play and substantial justice.'" Id. (citing

---

[21] Plaintiffs also make general allegations that all Defendants breached their contracts to pay Plaintiffs. Compl., ¶¶ 58-59.

[22] Paglioni, 2007 U.S. Dist. LEXIS 18612, at *21 (holding that a breach of contract based on an alleged failure to pay money arises in the state of the breaching party) (citing Kerry Steel, Inc. v. Paragon Indus., Inc, 106 F.3d 147, 152 (6th Cir. 1997)).

CompuServe, 89 F. 3d at 1268). "Certain factors contribute to whether jurisdiction is reasonable. These factors include: (1) the burden on the defendant to litigate in the state, (2) the interest of the forum state, (3) the plaintiff's interest in obtaining relief, and (4) the interest of other states in securing the most efficient resolution of controversy." Id. (citing CompuServe, 89 F.3d at 1268).

It would be burdensome on Amodeo and his family to litigate in Ohio because he is an individual living in Florida. Plaintiffs include a large corporation with assets to litigate in distant locations.[23] The interest of Ohio and Plaintiffs in this case are minimal. Their own Complaint contains allegations that reveal that Plaintiffs have not suffered any damages.[24]

III.     PLAINTIFFS' COMPLAINT FAILS TO MEET THE BASIC PLEADING
         REQUIREMENTS OF FED. R. CIV. P. 8 AND SHOULD BE DISMISSED
         PURSUANT TO FED R. CIV. P. 12(b)(6)

Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6) for the failures to allege:

(1)     that Amodeo entered into a contract, let alone breached it;

(2)     that Amodeo has control over Paysource so that the remedies of rescission
        or declaratory judgment could be effective as against him;

(3)     that Amodeo converted anything;

(4)     any statement or any false statement made by Amodeo; and

---

[23] Nationwide Mut. Ins. Co. v. Tryg Ins. Co., 91 F.3d 790, 796-97 (6th Cir. 1996) )"[plaintiff] is a large insurance corporation . . . , and there is no threat here that [it] will not be able to afford to travel to the defendants' jurisdiction to obtain redress . . .").

[24] Even if Plaintiffs had suffered damages, "their impact on the state economy is so nominal that it does not create a substantial connection with the forum state to establish personal jurisdiction." Ohio Nat'l Life Assurance Corp., No. 1:06CV110, 2007 U.S. Dist. LEXIS 9457, at *12 (S.D. Ohio Feb. 9, 2007) (Barrett, J.) (applying Ohio law and granting motion to dismiss) (citing Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997), for the holding that "any negative economic effect on the plaintiff did not create a determinative impact on the state economy, as 'the locus of such a monetary injury is immaterial, as long as the obligation did not arise from a privilege the defendant exercised in the forum state.'") (attached as Exhibit 10).

(5)     any harm or damage suffered by Plaintiffs.  In fact, from the allegations in the complaint, Plaintiffs appear to have come out of the aborted transaction better off than before.

The United States Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955 (2007), held that, to comply with Rule 8, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1965.  Rather, a court must review the complaint for plausibility.  <u>Id</u>.  Rule 8 "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." <u>Id</u>. n.3.  Defendants should not be subjected to the time and expense of the discovery process unless the complaint demonstrates a "plausible entitlement to relief." <u>Id</u>. at 1967.  Furthermore, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." <u>Id</u>.[25]

"To survive a motion to dismiss under Rule 12(b)(6), 'a . . . complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.'"[26]  Thus, in addition to being subject to dismissal for lack of plausibility,[27] Plaintiffs' Complaint should also be dismissed for failure to allege all of the elements of each of the claims.

---

[25] As Plaintiffs' Complaint contains allegations involving 13 different defendants and large alleged damages, the words "potentially massive factual controversy" are particularly apropos.  This Court must "insist" on at least some specificity and plausibility from Plaintiffs before allowing this case to move forward to discovery.

[26] <u>Rippy v. Hattaway</u>, 270 F.3d 416, 419 (6th Cir. 2001), <u>cert</u>. <u>denied</u>, 537 U.S. 812, 123 S. Ct. 72 (2002) (quoting <u>Scheid v. Fanny Farmer Candy Shops, Inc</u>., 859 F.2d 434, 436 (6th Cir. 1988)).

[27] Plaintiffs' Complaint fails to identify Amodeo 's role in any of the Defendant Corporations, or even to identify his conduct and statements that form the basis for Plaintiffs' claims.  "Rule 8(a) . . . requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants." <u>Yucyco, Ltd. v. Republic of Slovenia</u>, 984 F. Supp. 209, 219-20 (S.D.N.Y. 1997) (dismissing complaint) (citations and internal quotation marks omitted).  <u>Accord</u>:  <u>Mathews v. Kilroe</u>, 170 F. Supp. 416, 417 (S.D.N.Y. 1959) ("To do less than [matching specific allegations to specific defendants] is to cause an injustice to persons who are named as defendants in an action.").  The Complaint lacks

(footnote cont'd...)

The language of the Complaint demonstrates that Plaintiffs claim for damages of $22 million dollars is not plausible on its face.  The Complaint alleges that Plaintiffs received $1 million in wire transfers from the "Defendants."  Compl. ¶39.  Even if this Court deems Plaintiffs' allegation that $125,000 was "taken" from Paysource as true for the purpose of this motion, Plaintiffs still received an $875,000 windfall when the transaction to purchase Paysource failed, because the Complaint alleges that Sacco retook possession and control of Paysource, and maintains it currently.  Id. ¶ 49.  Thus, Plaintiffs have failed to allege facts "showing" that they were plausibly damaged, and the Complaint is deficient on its face under Fed. R. Civ. P. 8, as interpreted by the Supreme Court in Twombly.  Twombly, 127 S. Ct. at 1974 (holding that a complaint is properly dismissed when it lacks sufficient facts to "nudge[] [its] claims across the line from conceivable to plausible . . .").

> A.    Plaintiffs' Claim for Breach of Contract is Subject to Dismissal for Failure to Allege the Elements of that Claim

The elements of a breach of contract claim are: "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff."[28] Here, Plaintiffs have not alleged that a contract existed between Amodeo and Plaintiffs (the first element).  Similarly, Plaintiffs' Complaint is devoid of any allegation that Amodeo signed one of the alleged contracts.  The allegations also show that Plaintiffs were not harmed or damaged (the fourth element).  Accordingly, Plaintiffs' claim for breach of contract fails as a matter of law.

---

(…cont'd)

any specificity.  Amodeo does not know which counts are asserted against him, based on what conduct, and for what amounts.  It should be dismissed under Rule 8.

[28] Doner v. Snapp, 98 Ohio App. 3d 597, 600, 649 N.E.2d 42, 44 (Miami Cty. 1994) (citing 2 Ohio Jury Instructions (1993), Section 253.01, at 111-112).

B.   Plaintiffs' Claims for Rescission and Declaratory Judgment Are Subject to Dismissal Because They Have Failed to Allege a Contract or the Transfer of Stock to Amodeo

With no contract, Plaintiffs' claim for rescission fails because there is nothing to rescind as against Amodeo.  Moreover, Plaintiffs seek a judgment declaring that Sacco is the "rightful owner of the common stock of Paysource."  Compl., ¶ 66.  However, Sacco alleges that he has already "exercised his rights under the Security Agreement to claim all right, title and interest in Paysource."  Id. ¶ 49.  These claims are moot.  Plaintiffs also fail to allege that any of Paysource's common stock was ever transferred to Amodeo.  As a result, there is nothing for this Court to rescind and nothing for this Court to declare.

C.   Plaintiffs' Claim for Fraud is Subject to Dismissal for Failure to Allege the Elements of that Claim

The Complaint does not differentiate among Defendants when it asserts that Defendants have "systematically engaged in a campaign of fraud against Sacco."  Compl., ¶ 68.

The elements of fraud are not present here.[29]  The Complaint does not allege the contents of any representations that Amodeo allegedly made to Sacco.  Plaintiffs' Complaint also omits allegations as to what was false about Amodeo's statements or why reliance was justifiable.  It also fails to demonstrate how Plaintiffs were damaged.

---

[29] The elements of fraud are:

> "(a) a representation or, where there is a duty to disclose, concealment of a fact,
> (b) which is material to the transaction at hand,
> (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
> (d) with the intent of misleading another into relying upon it,
> (e) justifiable reliance upon the representation or concealment, and
> (f) a resulting injury proximately caused by the reliance."

Russ v. TRW, Inc., 59 Ohio St. 3d 42, 49, 570 N.E. 2d 1076, 1083 (1991) (citations omitted).

16

Plaintiffs allege that Sacco had "a series of meetings and conversations . . . and a number of representatives . . . including . . . Amodeo . . . " prior to signing the Letter of Intent to purchase Paysource's common stock.  Compl., ¶ 24.  However, Rule 9(b) is not satisfied by an allegation of "a series of meetings and conversations."  The Complaint fails to allege that Amodeo or any other defendant made a representation, the content of that representation, justifiable reliance, or that Plaintiffs were damaged.

D.   Plaintiffs' Claim for Conversion is Subject to Dismissal for Failure to Allege the Elements of that Claim

Conversion is "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."[30]  Plaintiffs' sole allegations regarding conversion are contained in paragraph 43, which refers to conduct by other defendants and does not even mention Amodeo.

E.   Plaintiffs' Claim for Civil Conspiracy is Subject to Dismissal for Failure to Allege the Elements of that Claim

To prevail on a civil conspiracy claim, a plaintiff must show "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages."[31]  In addition, an underlying tortious purpose or unlawful act must be present for a civil conspiracy claim to succeed.[32]  First, the allegations in the Complaint demonstrate that Plaintiffs were not damaged, but benefited from the transactions.  A conspiracy to benefit Plaintiffs is not plausible.  Second, the Complaint also

---

[30] Allan Nott Enters. v. Nicholas Starr Auto, L.L.C., 110 Ohio St. 3d 112, 120, 851 N.E.2d 479, 485-86 (2006) (citation omitted).

[31] Williams v. Aetna Fin. Co., 83 Ohio St. 3d 464, 475, 700 N.E.2d 859, 868 (1998) (internal quotation marks and citation omitted), cert. denied, 526 U.S. 1051, 119 S. Ct. 1357 (1999).

[32] Id. (citing Gosden v. Louis, 116 Ohio App. 3d 195, 219, 687 N.E.2d 481, 496 (1996)).

fails to allege facts showing the existence of an agreement between the defendants to cause

damage to Plaintiffs.

> F.     Plaintiffs' Claim for Negligent Misrepresentation is Subject to Dismissal
>        for Failure to Allege that Amodeo Made a Misrepresentation

Plaintiffs allege that Defendants "induced Plaintiff Sacco to enter into the

transactions in what Defendants should have known was a fraudulent scheme." Compl., ¶ 75.

The elements of negligent misrepresentation are:

> "'One who, in the course of his business, profession or
> employment, or in any other transaction in which he has a
> pecuniary interest, supplies false information for the guidance of
> others in their business transactions, is subject to liability for
> pecuniary loss caused to them by their justifiable reliance upon the
> information, if he fails to exercise reasonable care or competence
> in obtaining or communicating the information.'"[33]

Plaintiffs have failed to allege the contents of any false statements by Amodeo. Moreover,

Plaintiffs' allegations show that Sacco never suffered a pecuniary loss. He received $1 million

and currently owns Paysource. Compl., ¶¶ 39, 49.

> IV.    PLAINTIFFS' FOURTH, SIXTH AND SEVENTH CAUSES OF ACTION
>        SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO PLEAD
>        THEM WITH PARTICULARITY IN ACCORDANCE WITH FED. R. CIV.
>        P. 9(b)

In addition to the plausibility requirement discussed above, Plaintiffs' claims for

fraud, civil conspiracy, and negligent misrepresentation must also be pled with particularity

---

[33] Delman v. Cleveland Heights, 41 Ohio St. 3d 1, 4, 534 N.E.2d 835, 838 (1989) (quoting 3 Restatement of the Law 2d, Torts (1965) 126-127, Section 552(1)). A claim for negligent misrepresentation does not lie for omissions; rather, there must be an affirmative false statement. Leal v. Holtvogt, 123 Ohio App. 3d 51, 62, 702 N.E.2d 1246, 1253 (Miami Cty. 1998).

pursuant to Fed. R. Civ. P. 9(b).[34]  A complaint that fails to meet Rule 9(b)'s particularity

standard is subject to dismissal under Fed. R. Civ. P. 12(b)(6).[35]

"The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time,

place, and content of the alleged misrepresentation on which he or she relied; the fraudulent

scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"[36]  In

addition, where a plaintiff fails to allege specific fraudulent conduct against each defendant

separately, the complaint fails as to those defendants.[37]

Plaintiffs' Complaint does not allege the content of any false statement, the time

Amodeo made that statement, or the place Amodeo made the statement.  The allegations in the

Complaint are made generally, against all of the Defendants collectively, which is also fatal to

---

[34] In re Nat'l Century Fin. Enters., Inc. Inv. Litig., 504 F. Supp. 2d 287, 322, 328, 122 (S.D. Ohio 2007) (Graham, J.) ("Rule 9(b) applies if a claim for negligent misrepresentation simply 'realleges and incorporates by reference all prior allegations, including those alleging fraud.'"  For a conspiracy to commit fraud claim, "[i]t is clear that Rule 9(b) requires that the averments of the underlying fraud be pleaded with particularity.").

[35] The reason for the particularity requirement is to enable a defendant to "prepare an informed pleading responsive to the specific allegations of fraud."  Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 322 (6th Cir.), cert. denied, 528 U.S. 871, 120 S. Ct. 172 (1999) (citing Michaels Bldg. Co., N.A. v. Ameritrust Co., 848 F.2d 674, 679 (6th Cir. 1988)).  Rule 9(b)'s particularity requirement is also designed to "protect defendants whose reputation may be harmed by meritless claims of fraud . . . and [] prevent the filing of suits that simply hope to uncover relevant information during discovery." United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 226 (1st Cir.), cert. denied, 543 U.S. 820, 125 S. Ct. 59 (2004).  As courts within the Southern District of Ohio have succinctly stated, Rule 9(b) "protect[s] defendants from a plaintiff conducting a discovery fishing trip in a fraud case" and "protect[s] potential defendants from damage to their reputations."  Burch ex rel. United States v. Piqua Eng'g, Inc., 145 F.R.D. 452, 455 (S.D. Ohio 1992) (Spiegel, J.); Condor Am., Inc. v Am. Power Dev., Inc., 128 F.R.D. 229, 232 (S.D. Ohio 1989) (Rubin, J.).

[36] Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993)).  Accord:  United States ex rel. Branhan v. Mercy Health Sys., No. 98-3127, 1999 U.S. App. LEXIS 18509, at *4 (6th Cir. Aug. 5, 1999) (affirming dismissal of a complaint alleging fraud because it "failed to allege a single specific incident in which improper billing occurred and plaintiff never set forth the dates, times, or the names of individuals who engaged in the alleged improper billing") (attached as Exhibit 11).

[37] United States ex rel. Bledsoe v. Cmty. Health Sys., 342 F.3d 634, 643 (6th Cir. 2003).  Accord:  Waller v. Life Bank, No. 07-13300, 2008 U.S. Dist. LEXIS 10548, at *11 (E.D. Mich. Feb. 13, 2008) (attached as Exhibit 12).

Plaintiffs' claims sounding in fraud.[38]  Finally, Plaintiffs' allegations do not provide Amodeo with sufficient notice of their claims so that he can form an intelligent defense.

V.          <u>CONCLUSION</u>

        This case should be dismissed because the Court lacks personal jurisdiction over Amodeo and because Plaintiffs' Complaint fails to state a claim for which relief can be granted.


                    Respectfully submitted,


                    <u>s/ Charles J. Faruki</u>
                    Charles J. Faruki (0010417)
                      Trial Attorney
                    Martin A. Foos (0065762)
                    Jacqueline V. Brown (0078459)
                    FARUKI IRELAND & COX P.L.L.
                    500 Courthouse Plaza, S.W.
                    10 North Ludlow Street
                    Dayton, OH  45402
                    Telephone:  (937) 227-3705
                    Telecopier:  (937) 227-3717
                    Email:  cfaruki@ficlaw.com

                    Attorneys for Defendant
                    Frank Amodeo

---

[38] <u>Id</u>.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 17th day of March, 2008, I electronically filed the foregoing

Defendant Frank Amodeo's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to

State a Claim with the Clerk of Courts using the CM/ECF system, which will send notification of

such filing to CM/ECF participants, and I hereby certify that I have mailed by United States

Postal Service the document to the non-CM/ECF participants:

       David C. Greer
       Joseph C. Oehlers
       Steven K. Dankof, Jr.
       BIESER, GREER & LANDIS LLP
       400 National City Center
       6 N. Main Street
       Dayton, OH  45402

       Attorneys for Defendants, Mirabilis Ventures, Inc., Mirabilis HR, SPH, Inc.,
       Common Paymaster Corp., AEM, Inc., Aaron Bates, Yaniv Amar, Marty Flynn,
       James Sadrianna and Jay Stollenwerk

       Scott K. Jones
       Craig A. Hoffman
       PORTER WRIGHT MORRIS & ARTHUR LLP
       One South Main St., Suite 1600
       Dayton, OH  45402

       Attorneys for Defendant Michael Stanley

       Timothy S. Mangan
       Brian S. Sullivan
       Seth A. Schwartz
       DINSMORE & SHOHL
       1900 Chemed Center
       255 East Fifth Street
       Cincinnati, OH  45202

       Attorneys for Paysource, Inc., Robert R. Sacco

Avant Services, Inc.
156 Shinnecock Hill
Avondale, PA 19311

s/ Martin A. Foos
Martin A. Foos

193002.3