UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | | |
|---|---|---|
| PAYSOURCE, INC., et al. | : | CASE NO. 3:07CV0129 |
| | : | |
| Plaintiffs, | : | (Judge Walter H. Rice) |
| | : | (Magistrate Judge Sharon L. Ovington) |
| v. | : | |
| | : | **RULE 26(f) REPORT OF PARTIES** |
| MIRABILIS VENTURES, INC., et al. | : | |
| | : | |
| Defendants. | : | |

_____

1.      Pursuant to Fed. R. Civ. P. 26(f), there have been numerous communications among counsel, and a meeting was held on April 11, 2008, which was attended by the following:

For the Plaintiffs: Brian S. Sullivan and Seth A. Schwartz

For the Defendants:

- Joseph C. Oehlers, counsel for Defendants Mirabilis Ventures, Inc., Mirabilis HR, SPH, Inc., Common Paymaster Corp., AEM, Inc., Aaron Bates, Yaniv Amar, Marty Flynn, James Sadrianna and Jay Stollenwerk

- Charles J. Faruki and Martin A. Foos, counsel for Defendant Frank L. Amodeo

- Scott K. Jones, counsel for Defendant Michael Stanley

2.      The parties:

_____      have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

__X__      will exchange such disclosures by June 16, 2008.

_____      are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3.      The parties:

_____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

__X__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

_____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal.

4.      Recommended cut-off date for filing of motions directed to the pleadings: 60 days after ruling on the pending motions to dismiss.

5.      Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: 10 days after ruling on the pending motions to dismiss.

6.      Recommended Discovery plan:

(a)      Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

Documents in this case may include confidential business and personal information of the parties or third parties. The parties have conferred on the terms of an appropriate Protective Order that may be deemed necessary to protect any confidential or proprietary information that may be exchanged during the course of discovery. The parties shall file the appropriate motion for Court approval once they have agreed on the form.

PLAINTIFFS' STATEMENT:

       With respect to Plaintiffs' Complaint, Plaintiffs seeks to serve interrogatories, documents requests, and conduct depositions of the various corporations and individual defendants. Plaintiffs' Complaint alleges a complicated scheme of interrelated companies which will require substantial discovery to properly analyze. In particular, Plaintiffs would like to request documents from and depose anyone involved in the attempted purchase of Paysource or its related companies, anyone involved in the attempted transfer of the other PEOs to Paysource, and anyone involved in transferring money out of Paysource.

       Plaintiffs also want to depose all experts Defendants may disclose, and all of Defendants' trial witnesses. Plaintiffs will use their reasonable best efforts to coordinate with Defendants' counsel on deposition scheduling and related logistics.

       To make a settlement evaluation, the Plaintiffs need, at a minimum, the Defendants' initial disclosures, documentary information concerning the attempted Paysource transaction, and the depositions of Frank Amodeo, SPH, Inc., James Sadrianna, and Jay Stollenwerk.

DEFENDANTS' STATEMENT:

       With respect to the claims in Plaintiffs' complaint, Defendants want to serve a request for production of documents and an initial set of interrogatories and then to depose Plaintiff Robert Sacco and anyone else who took part in the negotiations for the sale of Paysource, Inc. ("Paysource") and the related companies on behalf of Plaintiffs. In addition, Defendants want to depose corporate representatives of Keystaff, Inc. and American Courier Express, Inc., and at least one accountant (or other knowledgeable persons) for Paysource familiar with the overall

financial performance of Paysource from 2005 to the present. Defendants also want to depose all experts Plaintiffs may disclose, and all of Plaintiffs' trial witnesses. The Defendants will use their reasonable best efforts to coordinate with Plaintiffs' counsel on deposition scheduling and related logistics. To make a settlement evaluation, the Defendants need, at a minimum, the Plaintiffs' initial disclosures and the deposition of Plaintiff Sacco.

       (b)    What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting nor more than one day consisting of 7 hours:

The parties agree that the limit on interrogatories should be increased to 40 interrogatories for each party. The limit on the number of depositions should be increased to 25 for Plaintiffs; Defendants will request more than 10 depositions, if necessary. All depositions will be limited to 7 hours except that 5 of Plaintiffs' depositions are limited to 14 hours, and 5 of Defendants' depositions are limited to 14 hours.

       (c)    Additional recommended limitations on discovery: None at this time.

       (d)    Recommended date for disclosure of lay witnesses: 30 days after the Court rules on the pending motions to dismiss.

       (e)    Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2):

PLAINTIFFS' STATEMENT:

Plaintiffs anticipate seeking expert testimony in the areas of corporate formation, corporate transactions, and damages.  Additional expert witnesses may be necessary with respect to the Defendants' anticipated counterclaims.

DEFENDANTS' STATEMENT:

Defendants anticipate retaining experts with regard to the corporate financial and tax elements of the transactions underlying Plaintiffs' complaint, as well as with respect to any damages issues raised by Plaintiffs' complaint.  Additional expert witnesses may be necessary with respect to the Defendants' anticipated counterclaims.

(f)     Recommended date for making primary expert designations:  120 days after the Court rules on the pending motions to dismiss.

(g)     Recommended date for making rebuttal expert designations:  45 days after date of primary expert designations.

(h)     The parties have electronically stored information in the following formats:

PLAINTIFFS' STATEMENT

Plaintiffs have electronic mail files, word processing files, .pdf files and other similar formats.

DEFENDANTS' STATEMENT

Defendants have electronically stored information in the following formats:

1. An estimated two hundred or more computer hard drives from Mirabilis offices with electronic materials in many different electronic formats;

2. Electronic mail files;

3. Word processing, spreadsheet, presentation, scanned .pdf images, and similar file formats;

4. An estimated 20,000 hours of digitized video recordings from Mirabilis offices.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

PLAINTIFFS' STATEMENT:

Plaintiffs do not view that discovery of electronic information will be an issue. It can be produced in hard copy as well.

DEFENDANTS' STATEMENT:

Defendants have preserved hard copy documents and electronic data likely to be responsive to Plaintiffs' discovery requests. An estimated several million pages of documents are currently being stored in a warehouse in Orlando, Florida, relating to Mirabilis Ventures, Inc., its employees and ex-employees, its subsidiaries and related corporations, and certain transactions that it or its related companies entered into or attempted to enter into. There are also an estimated several million pages of documents stored electronically, many of which are

contained in an estimated two hundred or more computer hard drives and digitized electronic video recordings.  Some of the electronic documents may or may not duplicate the hard copy documents.  Defendants will produce responsive documents once an agreement can be reached regarding the non-waiver of privileged material.

(i)    The case presents the following issues relating to claims of privilege or of protections as trial preparation materials:

Have the parties agreed on a procedure to assert such claims after production?

_____  No

_____  Yes

__X__  Yes, and the parties ask that the Court include their agreement in an order.

The agreement is that:  (1) inadvertent production of any document will not be construed to be a waiver; and (2) the parties will produce and exchange privilege logs to the extent necessary.

(j)    Recommended fact discovery cut-off date:  180 days after the parties' disclosure of lay witnesses.

(k)    Recommended discovery cut-off date:  90 days after the parties' designations of rebuttal experts.

7.    Recommended dispositive motion date:  60 days after the last expert is deposed.

8.    Recommended date for status conference (if any):  If the motions to dismiss were to be denied in whole or in part, the Court should hold a status conference with the parties approximately 30 days following its decision on the pending motions to dismiss.

9.      Suggestion as to type and timing of efforts at Alternative Dispute Resolution: Alternative dispute resolution efforts are premature at this time.

10.     Recommended date for a final pretrial conference:  30 days before trial.

11.     Has a settlement demand been made?  Settlement discussions have taken place with the Plaintiffs having proposed a settlement and some of the Defendants rejecting that proposal.

12.     Other matters pertinent to scheduling or management of this litigation:  If the pending motions to dismiss were to be denied, some of the Defendants may file counterclaims against Plaintiffs.  The timing, forum, and content of those counterclaims are undetermined at this time.  The scope of discovery and the related deadlines will be dependent upon the Court's rulings on the pending motions to dismiss as well as the counterclaims to be asserted.

Respectfully submitted,


s/ Brian S. Sullivan
Brian S. Sullivan (0040219)
Email: brian.sullivan@dinslaw.com
Timothy S. Mangan (0069287)
Email: tim.mangan@dinslaw.com
Seth A. Schwartz (0080961)
Email: seth.schwartz@dinslaw.com
DINSMORE & SHOHL
1900 Chemed Center
255 East Fifth St.
Cincinnati, OH 45202
Telephone: (513) 977-8200
Telecopier: (513) 977-8141
Email: brian.sullivan@dinslaw.com

Attorneys for Plaintiffs Paysource, Inc. and
Robert R. Sacco

s/ Joseph C. Oehlers
David C. Greer (0009090)
Email: dcg@bgllaw.com
Joseph C. Oehlers (0065740)
Email: jco@bgllaw.com
BIESER, GREER & LANDIS LLP
400 National City Center
6 N. Main Street
Dayton, OH 45402
Telephone: (937) 223-3277
Telecopier: (937) 223-6339
Email: jco@bgllaw.com

Attorneys for Defendants, Mirabilis Ventures,
Inc., Mirabilis HR, SPH, Inc., Common
Paymaster Corp., AEM, Inc., Aaron Bates,
Yaniv Amar, Marty Flynn, James Sadrianna and
Jay Stollenwerk


s/ Charles J. Faruki
Charles J. Faruki (0010417)
    Trial Attorney
Martin A. Foos (0065762)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@ficlaw.com

Attorneys for Defendant Frank Amodeo

s/ Scott K. Jones
Scott K. Jones (0069859)
GRAYDON, HEAD & RITCHEY, LLP
7759 University Dr., Suite H
West Chester, OH 45069
Telephone: 513-755-9500
Telecopier: 513-755-9588
Email: sjones@graydon.com

Attorneys for Defendant Michael Stanley

CERTIFICATE OF SERVICE

I certify that on the 21st day of April, 2008, I electronically filed the foregoing

Rule 26(f) Report of Parties with the Clerk of Courts using the CM/ECF system, which will send

notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by

United States Postal Service the document to the non-CM/ECF participants:

David C. Greer
Joseph C. Oehlers
BIESER, GREER & LANDIS LLP
400 National City Center
6 N. Main Street
Dayton, OH  45402

Attorneys for Defendants, Mirabilis Ventures, Inc., Mirabilis HR, SPH, Inc., Common
Paymaster Corp., AEM, Inc., Aaron Bates, Yaniv Amar, Marty Flynn, James Sadrianna
and Jay Stollenwerk

Scott K. Jones
GRAYDON, HEAD & RITCHEY, LLP
7759 University Dr., Suite H
West Chester, OH  45069

Attorneys for Defendant
Michael Stanley

Brian S. Sullivan
Timothy S. Mangan
Seth A. Schwartz
DINSMORE & SHOHL
1900 Chemed Center
255 East Fifth St.
Cincinnati, OH  45202

Attorneys for Paysource, Inc., Robert R. Sacco

Avant Services, Inc.
156 Shinnecock Hill
Avondale, PA  19311

s/ Martin A. Foos
Martin A. Foos

10

195014.1